IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CATHERINE RAMONA LIBERTY,<br><br>Plaintiff,<br><br>vs.<br><br>SALLY JEWEL, SECRETARY, UNITED STATES DEPARTMENT OF INTERIOR, and KEVIN WASHBURN, ASSISTANT SECRETARY OF INTERIOR, INDIAN AFFAIRS,<br><br>Defendants. | CV 14–77–M–DLC<br><br>ORDER |

Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and, in the alternative, for summary judgment. For the reasons explained, the Court grants the motion to dismiss for lack of jurisdiction and denies as moot Defendants' motions in the alternative.

**Background**

Plaintiff Ramona Liberty ("Plaintiff"), an enrolled member of the Confederated Salish and Kootenai Tribes ("Tribe"), owns a fractional interest in allotment land situated on the Flathead Indian Reservation in Montana. The allotment was originally held in trust for Plaintiff's mother Julia Matt Hawkins, an

1

enrolled member of the Tribe, pursuant to the Allotment Act. Plaintiff filed this action against Defendant Sally Jewel, in her official capacity as the Secretary of the United States Department of the Interior, and Defendant Kevin Washburn, in his official capacity as the Assistant Secretary of the Interior-Indian Affairs, ("Defendants") for Defendants' alleged actions with respect to her allotment interest.[1] Count One of the Amended Complaint alleges various generalized breaches of trust obligations by Defendants with respect to Plaintiff's interest in the allotment land. Count Two alleges violations of the Indian Land Consolidation Act, 25 U.S.C. §§ 2201– 2221 ("ILCA") and the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450 – 458hh, ("ISDEAA"), based on Defendants' actions with respect to Plaintiff's interest in the allotment land.

Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and alternatively for summary judgment under Rule 56(a). In particular, Defendants contend that the Court lacks jurisdiction because Plaintiff fails to demonstrate a waiver of the United States' sovereign immunity with respect to her claims. Defendants additionally contend that

---

[1] Because the action is against Defendants in their official capacities, it is rightly construed as a suit against the United States. *Balser v. Dept. of Justice of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003).

Plaintiff's general breach of trust claim must be dismissed under Fed.R.Civ.P. 12(b)(6) because it fails to adequately plead a breach of any specific trust duty imposed by treaty, statute, executive order, or otherwise. Finally, Defendants alternatively contend that they are entitled to summary judgment because Plaintiff, as a certified class member in *Cobell v. United States*, D.D.C. No. 96-cv-1295 ("*Cobell*"), compromised, waived, and released Defendants from any liability as part of the *Cobell* final settlement.

The Court concludes that all of Plaintiff's claims must be dismissed for lack of subject matter jurisdiction because Plaintiff fails to demonstrate a waiver of the United States' sovereign immunity. Because the Court lacks jurisdiction, it declines to address Defendants' alternative motions.

**Legal Standard**

Pursuant to Rule 12(b)(1), a Court may dismiss a complaint, or any claim, for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion that substantively challenges the existence of jurisdiction, the Court is not limited to the allegations in the complaint but may consider materials outside the pleadings. *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). No presumption of truthfulness applies to the allegations of a complaint in deciding a substantive challenge to jurisdiction. *Thornhill Pub. Co.,*

3

*Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Courts lack jurisdiction over suits against the United States, unless the United States has waived its sovereign immunity: "the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980)(internal citation omitted). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* The burden is on the plaintiff to demonstrate an unequivocally expressed waiver of sovereign immunity. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

**Discussion**

Plaintiff's Amended Complaint alleges that jurisdiction in this Court is proper based on the general federal question statute, 28 U.S.C. § 1331. It is well-established, however, that this statute does not provide a waiver of the United States' sovereign immunity, *Dunn & Black,P.S.*, 492 F.3d at 1088, n.3, and Plaintiff concedes that 28 U.S.C. § 1331 does not provide a waiver of the United States' sovereign immunity.

Plaintiff's Amended Complaint also alleges that jurisdiction is proper based on the Mandamus Act, 28 U.S.C § 1361. But, again, the Mandamus Act does not

4

waive the United States' sovereign immunity, *White v. Adm'r of Gen Serv. Admin.*, 343 F.2d 444, 447 (9th Cir. 1965); *Smith v. Grimm*, 534 F.2d 1346, 1353, n.9 (9th Cir. 1976), and Plaintiff concedes that the Mandamus Act does not provide a waiver of the United States' sovereign immunity.

Plaintiff's Amended Complaint alleges no other ground for the exercise of this Court's jurisdiction. However, in response to Defendants' motion to dismiss, Plaintiff argues that the ISDEAA and the ILCA provide the necessary waiver of sovereign immunity. Plaintiff also contends that jurisdiction is proper under 5 U.S.C. § 702 of the Administrative Procedure Act ("APA"), despite the fact that Plaintiff has not pled an APA claim. The Court will address each of these arguments in turn.[2]

### 1. Indian Self Determination and Education Assistance Act

Generally, the ISDEAA allows Indian tribes to enter into contracts with the Secretary of the Interior pursuant to which the Indian tribe will administer federal

---

[2] Defendants also assert that the Court lacks subject matter jurisdiction over Plaintiff's generalized claim for breach of trust obligations (Count 1), because an allegation of a generalized breach of trust does not establish a waiver of sovereign immunity. *See Navajo Nation v. United States Department of the Interior*, 34 F.Supp. 3d 1019, 1030 (D. Ariz. 2014). Defendants further contend that jurisdiction for Count 1 is lacking because none of statutes cited in the Amended Complaint create any specific enforceable trust obligation between Plaintiff and Defendants. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 810 (9th Cir. 2006). Plaintiff does not address either of these arguments.

programs established for the benefit of Indians that the Secretary otherwise would have administered. Pub. L. No. 93-638, tit. I, §§ 101–102; *Salazar v. Ramah Navajo Chapter*, 132 S.Ct. 2181, 2186 (2012). Plaintiff alleges that Defendants violated the ISDEAA by failing to properly carry out their trust obligations with respect to her allotment interest. Plaintiff asserts that 25 U.S.C. § 450f(c)(3) provides the necessary unequivocal waiver of sovereign immunity by the United States.

Section 450f(c)(1) provides that the Secretary of the Interior will be responsible for obtaining liability insurance for Indian tribes carrying out contracts or agreements under the ISDEAA. Section 450f(c)(3) provides that such insurance policies "shall contain a provision that the insurance carrier shall waive any right it may have to raise as a defense the sovereign immunity of an Indian tribe from suit, but that such waiver . . . shall not authorize or empower such insurance carrier to waive or otherwise limit the tribe's sovereign immunity outside or beyond the coverage."

Plainly, this provision does not provide a waiver of sovereign immunity by the United States. Section 450f(c)(3) merely provides that an insurer providing an insurance policy to an Indian tribe under an ISDEAA contract cannot defeat a claim against it by invoking the tribe's sovereign immunity. *Evans v. Little Bird*,

6

656 F.Supp. 872, 876-877 (D.Mont.1987), *aff'd in part, rev'd in part*, 869 F.2d 1341 (9th Cir. 1989). This provision is inapplicable to Plaintiff's claims here, which are made against the United States, and not against an insurer under an ISDEAA contract. Section 450f(c)(3) does not provide an unequivocal waiver of the United States' sovereign immunity for Plaintiff's alleged violations of the ISDEAA.

Plaintiff's non-specific citation to *Shirk v. United States*, 773 F.3d 999 (9th Cir. 2014), is inapposite. In *Shirk*, the Ninth Circuit addressed the issue of whether a negligence claim against two tribal police officers was properly brought against the United States under the Federal Tort Claims Act when the Indian tribe had entered into an ISDEAA contract with the United States to provide law enforcement services for the tribe. *Id.* at 1003-04. Here, Plaintiff has not brought a claim under the Federal Tort Claims Act. Nor has she identified any relevant ISDEAA contract, or provision of such contract, which would allow for an analysis similar to that undertaken in *Shirk*, which is alone fatal to such a claim. *Id.* at 1006-07. Plaintiff fails to demonstrate a relevant, unequivocal waiver of the United States' sovereign immunity from suit under the ISDEAA.

2. **Indian Land Consolidation Act**

The ILCA was enacted to address the general problem of Indian land

7

fractionation. *Babbitt v. Youpee*, 519 U.S. 234, 238-39 (1997). As amended, the ILCA provides a program by which the Secretary of the Interior may acquire individual fractional interests in trust land and hold the acquired interests in trust for the recognized tribal government. 25 U.S.C. §2212. In pertinent part, the ILCA provides that "[t]he Secretary may acquire, at the discretion of the Secretary, . . . any fractional interest in trust or restricted lands." *Id.* at § 2212(a)(1). In deciding which lands to acquire under this program, the Secretary is broadly instructed "to promote the policies of section 102 of the [ILCA]," and, "to the extent practicable," consult and coordinate with the tribal government that exercises jurisdiction over the land involved. *Id.* at § 2212(b). The Department of the Interior has not promulgated any other implementing regulations for the ILCA. Under the plain language of the ILCA, the Secretary's decision whether to acquire a particular fractional interest is discretionary.

Plaintiff cites no specific portion of the ILCA as providing an unequivocal waiver of the United States' sovereign immunity. Instead, Plaintiff suggests that *Match-E-Be-Nash-She-Wish v. Patchak*, 132 S.Ct. 2199 (2012) ("*Patchak*"), supports the Court's exercise of jurisdiction over a claim for violations of the ILCA.

The citation to *Patchak* is inapposite. The plaintiff in *Patchak* brought a

claim brought under the Administrative Procedure Act asserting that the Secretary of the Interior lacked authority under the Indian Reorganization Act ("IRA") to acquire certain property in trust for an Indian tribe. *Id.* at 2202. The United States asserted that it was immune from suit under the Quite Title Act ("QTA"). *Id.* The Supreme Court rejected the argument that the United States had sovereign immunity from plaintiff's suit under the QTA because it concluded that the plaintiff's suit was not a quiet title action. *Id.* at 2206.

Plaintiff here has not alleged an APA claim. Nor is any action by Defendants alleged to have been taken pursuant to the IRA. Plaintiff's suit here is also not a quiet title action, and Defendants are not claiming sovereign immunity under the QTA. *Patchak* is thus irrelevant to the issue of whether the United States has waived its sovereign immunity under the ILCA. Plaintiff fails to show that the United States has waived its sovereign immunity under the ILCA.

### 3. Administrative Procedure Act

Plaintiff has not pled an APA claim. The Amended Complaint is devoid of any reference to the APA. She cannot plead one now in response to Defendants' motion to dismiss. *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1079-80 (9th Cir. 2008). Accordingly, Plaintiff's passing reference in her response brief to the APA as providing the necessary waiver of sovereign immunity is unavailing.

9

Because Plaintiff has not pled an APA claim, Plaintiff cannot now assert that jurisdiction over her claims is proper under the APA.[3]

This suit is properly dismissed for lack of jurisdiction. "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Accordingly, the dismissal is without prejudice. Because the Court determines that it lacks jurisdiction, it will not address Defendants' alternative grounds for dismissal.

IT IS ORDERED that the motion to dismiss (Doc. 18) is GRANTED IN PART AND DENIED IN PART. Defendants' motion to dismiss for lack of jurisdiction is GRANTED. Defendants' alternative motions are DENIED AS MOOT. Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

---

[3] Additionally, as mentioned above, the plain language of the ILCA provides that the Secretary's actions pursuant to it are discretionary. When a statute "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," the agency action is not subject to judicial review even under the APA. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Thus, even if Plaintiff had brought her claim under the APA, which she has not, Defendants' actions with respect to acquiring Plaintiff's interest in the allotment, or otherwise acting under the ILCA, are presumptively immune from suit. *Id.* at 832.

Dated this 30th day of March, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court